*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
STEPHENS, DEERWESTER, and BURGTORF
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Bryan R. RODRIGUEZ**
Builder Second Class (E-5), U.S. Navy
*Appellant*

**No. 202100107**

Decided: 29 November 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Justin R. McEwen

Sentence adjudged 20 January 2021 by a general court-martial convened at Naval Support Activity, Naples, Italy, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 36 months, forfeiture of all pay and allowances, and a dishonorable discharge.

For Appellant:
*Captain Jasper W. Casey, USMC*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

The findings and sentence are **AFFIRMED**.[2]

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866. Although Appellant's record of trial was docketed with this Court 35 days after his Entry of Judgment, *United States v. Moreno,* 63 M.J. 129, 142 (C.A.A.F. 2006) (requiring cases to be docketed within 30 days from the convening authority's action), we need not test for prejudice. *United States v. Rivera*, No. 202000111 *8 (N-M. Ct. Crim. App. Aug. 19, 2021). Appellant's case was docketed 96 days after his announcement of sentence. This is well within our 150 day presumptive requirement. *Id.* Even assuming a need to test for prejudice, under *Barker v. Wingo*, 347 U.S. 514, 530 (1972), we find none.

[2] Because Appellant's convictions include offenses both before and after January 1, 2019, the Convening Authority erred by failing to take action on Appellant's sentence. *United States v. Brubaker-Escobar*, No. 20-0345 *7–8 (C.A.A.F. Sep. 7, 2021). This procedural error was, however, harmless. *Id.*

We also note that although the military judge sealed the pleadings regarding Military Rule of Evidence [Mil. R. Evid.] 412 matters (Appellate Exhibits XIV-XIV(b)), he neglected to seal Appellate Exhibit XIV(c), his written Findings of Fact and Conclusions of Law. This harmless error was likely a result of the military judge's non-standard use of parenthetical letters to refer to separate but related appellate exhibits, rather than assigning each its own appellate exhibit roman number. We order Appellate Exhibit XIV(c) sealed in accordance with Mil. R. Evid. 412(c)(2) and Rule for Courts-Martial 1113 and highly recommend the use of the standard appellate exhibit numbering convention in the future.